# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

**v.**                                                     Criminal Action No. 2:14-cr-27-2

**ANGIE LYN GRABER,**
        **Defendant.**

## OPINION/REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Angie Lyn Graber, in person and by counsel, Dorwin Wolfe, appeared before me on September 18, 2014. The Government appeared by Stephen Warner, its Assistant United States Attorney. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Two of the Indictment.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath.

The Court inquired whether Defendant was a citizen of the United States. Defendant responded that she was a citizen. The undersigned asked Defendant whether she understood that if she were not a citizen of the United States, by pleading guilty to a felony charge she would be subject to deportation at the conclusion of any sentence; that she would be denied future entry into the United States; and that she would be denied citizenship if she ever applied for it. Defendant stated that she understood.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was and counsel for Defendant confirmed the same. The Court asked counsel for

the Government to summarize the written Plea Agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with her understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Angie Lyn Graber, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count Two of the Indictment, including the elements the United States would have to prove at trial, charging her with aiding and abetting the distribution of clonazepam, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(E)(2), and 18 U.S.C.

§ 2.  The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Two of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing.  From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her and understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than five (5) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood she would be subject to a period of at least one (1) year of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. She also understood that her sentence could be increased if she had prior firearm offenses, violent felony convictions, or prior drug convictions.  She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

The undersigned also reviewed with Defendant her waiver of appellate rights as follows:

Ct. Now, do you understand under your written plea agreement that you have a right under 18 U.S.C. § 3742 to file an appeal of your conviction and your sentence to the Fourth Circuit Court of Appeals by giving 14 days–notice of intent to appeal within 14 days of sentencing?

Def. Yes.

Ct. You discussed that with Mr. Wolfe, that you have that right?

Def. Yes.

| | |
|---|---|
| Ct. | Do you understand that under paragraph 13 of your written plea agreement, if you get probation as a sentence, you are giving up the right to file an appeal? |
| Def. | Yes. |
| Ct. | Did you intend to do that by signing the agreement with that paragraph in it? |
| Def. | Yes. |
| Ct. | Did you fully understand you were giving up that right? |
| Def. | Yes. |
| Ct. | And you understand by your answers here today and what's in this agreement, an appeals court could look at it and say she waived her right and throw your appeal out even if you file it in spite of it? |
| Def. | Yes. |
| Ct. | Now, did you also understand from your discussions with Mr. Wolfe that you may collaterally attack or challenge any sentence that the court may impose by filing what is called a writ of habeas corpus motion under 28 U.S.C. § 2255? |
| Def. | Yes. |
| Ct. | Did you discuss with Mr. Wolfe and did you understand from that discussion that under paragraph 13(B), if you get a sentence of probation, you are giving up your right to file that writ of habeas corpus motion? |
| Def. | Yes. |
| Ct. | Do you further understand that under that paragraph, you have unequivocally stated that you agree there is currently, quote, no known evidence of ineffective assistance of counsel or prosecutorial conduct, unquote. |

Def. Yes.

Ct. Do you understand what those terms mean?

Def. Uh-huh.

Ct. Did you discuss them with your lawyer?

Def. Yes.

Ct. Did you intend to give up that valuable collateral attack right as set forth in paragraph 13(B)?

Def. Yes.

Ct. You did that voluntarily?

Def. Yes.

Ct. Has anything about your understanding of paragraph 13 (A) or (B) changed since you signed the agreement on September the 8th and today, which is September the 18th?

Def. No.

From the foregoing colloquy the undersigned determined that Defendant understood her appellate rights and knowingly gave up those rights pursuant to the condition contained in the written plea bargain agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or

representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Two of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Two of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulations contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant and her counsel each acknowledged their understanding and Defendant maintained her desire to have her plea of guilty accepted.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised,

and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not have a right to withdraw her guilty plea. Defendant further stated her attorney showed her how the advisory guideline chart worked but did not promise her any specific sentence at the time of sentencing. Defendant stated that she understood her attorney could not predict or promise her what actual sentence she would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Court would generally hear the testimony of a Government witness at this point in the hearing to support an independent basis in fact for the guilty plea. In this case, the parties agreed that the Government would provide a proffer to provide that independent basis in fact. The Government proffered that on May 16, 2013, a confidential informant ("CI"), working with officers of the Mountain Region Task Force, contacted co-defendant Jeremy White to arrange a purchase of Klonopin pills. Officers searched the CI and provided the CI with United States currency. The CI then met with White inside his residence in Randolph County, West Virginia, within the Northern District of West Virginia. Officers conducted surveillance and listened to real-time audio. Once the CI was inside White's residence, White indicated that his source would be arriving at anytime from Ohio. Shortly thereafter, officers observed a silver Honda Accord with an Ohio tag drive up to White's residence. The car was driven by co-defendant Arnold Mayle, and Defendant was in the passenger's seat. Defendant got out, went into the residence, and provided White with 107 Klonopin pills. Defendant then exited the residence and got back in the car. The CI purchased 57 pills from

White. Subsequently, the DEA laboratory analyzed those pills, and they were determined to contain clonazepam. On September 6, 2013, officers interviewed Defendant, who agreed to cooperate. She stated that she had taken pills to White on at least three (3) occasions.

Thereupon, Defendant, Angie Lyn Graber, with the consent of her counsel, Dorwin Wolfe, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Two of the Indictment.

Defendant stated she heard, understood, and did not disagree with the Government's proffer. The undersigned United States Magistrate Judge concludes the offense charged in Count Two of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the Government's proffer.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count Two of the Indictment; Defendant understood the consequences of her plea of guilty, in particular the maximum statutory penalty to which she would be exposed; Defendant understood her waiver of appellate rights explained this date; Defendant made a knowing and voluntary plea of guilty to Count Two of the Indictment; and Defendant's plea is independently supported by the Government's proffer, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count Two of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is released pursuant to the Order Setting Conditions of Release previously entered in this case.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 19th day of September, 2014.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE